UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN MOORE | * | NO:  11-2504 |
| | * | |
| VERSUS | * | SECTION:     L |
| | * | JUDGE ELDON E FALLON |
| ENTERPRISE MARINE | * | |
| SERVICES, L.L.C. | * | MAGISTRATE: 5 |
| | * | JUDGE ALMA L. CHASEZ |

*******************************************************************

## PLAINTIFF'S PROPOSED JURY CHARGES

NOW INTO COURT, through undersigned counsel, comes plaintiff JONATHAN

MOORE., who submits the following Jury Charges to be submitted to the jury in this matter.

Respectfully submitted,

_____/s/Timothy J. Young_____
TIMOTHY J. YOUNG (22677)
JASON C. MACFETTERS (29617)
TAMMY D. HARRIS (29896)
The Young Firm
400 Poydras St., Ste. 2090
New Orleans, LA 70130
Telephone: (504) 680-4100
Facsimile: (504) 680-4101

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system this 23rd day of July, 2012.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system and/or U.S. Mail.

_____/s/Timothy J. Young_____
TIMOTHY J. YOUNG

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

### U.S. FIFTH CIRCUIT PATTERN INSTRUCTION 4.4

### JONES ACT—NEGLIGENCE

Under the Jones Act, the plaintiff must prove that his employer was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Under the Jones Act, if the employer's negligent act caused the plaintiff's injury[1], in whole or in part, then you must find that the employer is liable under the Jones Act.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe

---

[1]  The Supreme Court, in Consolidated Rail Corporation v. Gottshall, 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994), held that a railroad, as part of its duty to provide its employees with a safe place to work under FELA, has a duty to avoid subjecting its workers to negligently inflicted emotional injury. The Court ruled that "injury" as used in that statute may encompass both physical and emotional injury. The Court further announced that a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by fear of physical injury to himself, but a worker outside the zone of danger will not. Because FELA standards have been carried into the Jones Act, this zone of danger standard applies to Jones Act claims as well as FELA claims. Therefore, in Jones Act cases in which plaintiff sues for purely emotional injury, without physical impact but within the zone of danger which causes a fear of physical impact, it is recommended by the Committee that the jury be instructed in a manner consistent herewith. Whether a reasonable person under the circumstances would have had a fear of physical impact is a question for the jury.

place to work.  If you find that the plaintiff was injured because the defendant failed to furnish him with a reasonably safe place to work, and that the plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

The fact that the defendant conducted its operations in a manner similar to that of other companies is not conclusive as to whether the defendant was negligent or not.

You must determine if the operation in question was reasonably safe under the circumstances.  The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances.  A long accepted practice may be an unsafe practice.  However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of his employees while that employee is acting within the course and scope of his job [employment].

If you find from a preponderance of the evidence that the defendant assigned the plaintiff to perform a task that the plaintiff was not adequately trained to perform, you must find that the defendant was negligent.

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2</u>

Jones Act employers have an absolute and non-delegable duty to provide a seaman with a safe place to work.  *Alexander v. Global Fabrication, L.L.C.*, 2011 WL 2899124 (E.D.La. 2011); *Johnson v. Blue Marlin Services of Acadia*, 713 F.Supp2d 592 (E.D.La. 2010) citing *Sanford v. Caswell*, 200 F.2d 830 (5 Cir. 1953); *Mier v. Wood Towing, L.L.C.*, 2009 WL 2922315 (E.D.La. 2009) citing *Martin, Walk, Haydel & Associates, Inc.*, 742 F.2d 246 (5 Cir. 1984).

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**

Under the Jones Act, an employer is vested with a fundamental duty to provide its seaman with a reasonably safe workplace.  *Ivy vs. Security Barge Lines, Inc.*, 585 Fd.2d 732 (5th Cir. 1978).

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4</u>

An employer's negligence may arise from a dangerous condition on or about the vessel,
failure to use reasonable care to provide a seaman with a safe place to work, failure to inspect the
vessel for hazards and any other breach of the owner's duty of care.  *Davis vs. Hill Engineering,
Inc.*  549 Fd.2d 314, (5th Cir. 1977).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

Although a seaman does have a duty to use reasonable care, this duty is tempered by the realities of maritime employment. *Ceja vs. Mike Hooks, Inc.,* 690 Fd.2d 1191 (5th Cir. 1982)(overturned on other grounds). A seaman is allowed to rely upon his employer to provide a safe work environment. *Gautreaux vs. Scurlock Marine, Inc.* 107 Fd.3d 331 (5th Cir. 1997).

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6</u>

The Jones Act employer has a duty to supervise or instruct seaman as to safe methods by which they can carry out orders given to them.  *Smith v. Flowers Transportation, Inc.*, 377 F.Supp. 1112 (N.D. Miss. 1974).

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7</u>

The owner of a vessel has a clear duty to supervise the work of a seaman under his command.  In addition, he must warn the seaman of all impending dangers of which he, the shipowner, is or should be aware, and the shipowner is chargeable with the knowledge, or lack of knowledge, of his employees.  *Olsen vs. State Line,* 378 F.2d 217 (9Cir. 1967); *Olah v. S. S. Jaladurga,* 343 F.2d 457 (4 Cir. 1965); *Stevens v. Seacoast Co, Inc.* 414 F.2d 1032 (5 Cir. 1969)

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8</u>

## <u>CONTRIBUTORY NEGLIGENCE</u>

A seaman may not be contributorily negligent for carrying out orders that result in his own injury, even if he recognizes possible danger.  *Williams v. Brasea, Inc.* 497 F.2d 67, (5th Cir. 1974), opinion amended on denial of rehearing 513 F.2d 301, certiorari denied 96 S.Ct 207, 423 U.S. 906, 46 L.Ed.2d 136, certiorari denied *Brasea, Inc. v. Bender Welding & Machine Company, Inc*. 96 S.Ct 207, 423 U.S. 906,46 L.Ed.2d 136, appeal after remand 549 F.2d 977.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

### U.S. FIFTH CIRCUIT PATTERN 4.8
### DAMAGES

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party.  Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable.  However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible.  They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence:  physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life;  mental anguish and feelings of economic insecurity caused by disability;  income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition;  post medical expenses; the reasonable value, not exceeding actual cost to the plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required.  In awarding these damages, you are not

determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

Any award you make to the plaintiff is not subject to income tax; neither the state nor the federal government will tax it.  Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

### U. S. FIFTH CIRCUIT PATTERN INSTRUCTION 4.11
### MAINTENANCE AND CURE

The plaintiff's third claim is that, as a seaman, he is entitled to recover Maintenance and Cure. This claim is separate and independent from both the Jones Act and the unseaworthiness claims of the plaintiff. You must decide this claim separately from your determination of his Jones Act and unseaworthiness claims.

Maintenance and Cure is a seaman's remedy. Plaintiff is a seaman; thus you must determine whether he is entitled to maintenance and cure.

Maintenance and cure provides a seaman, who is disabled by injury or illness while in the service of the ship, medical care and treatment, and the means of maintaining himself, while recuperating.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel. To recover maintenance and cure, the plaintiff need only show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on his part. The injury or illness need not be work related, it need only occur while the seaman is in the service of the ship. And maintenance and cure may not be reduced because of any negligence on the part of the seaman.

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus. However, the employer does not have a duty to provide cure for any period of time during which a seaman is hospitalized at the employer's expense.

Maintenance is the cost of food and lodging, and transportation to and from a medical

facility.  A seaman is not entitled to maintenance for that period of time that he is an inpatient in any hospital, because the cure provided by the employer through hospitalization includes the food and lodging of the seaman.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure."  Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected.  Thus, if it appears that a seaman's condition is incurable, or that the treatment will only relieve pain but will not improve a seamen's physical condition, he has reached maximum cure.  The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished.

If you decide that the plaintiff is entitled to maintenance and cure you must determine when the employer's obligation to pay maintenance began, and when it ends.  One factor you may consider in determining when the period ends is the date when the seaman resumed his employment, if he did so.  However, if the evidence supports a finding that economic  necessity forced the seaman to return to work prior to reaching maximum cure, you may take that finding into consideration in determining when the period for maintenance and cure ends.

If you find that the plaintiff is entitled to an award of damages under either the Jones Act or unseaworthiness claims, and if you award him either lost wages or medical expenses, then you may not award him maintenance and cure for the same period of time.  That is because the plaintiff may not recover twice for the same loss of wages of medical expenses.  However, the plaintiff may also be entitled to an award of damages for failure to pay maintenance and cure when it was due.[2]

---

[2]    The existence and extent of the double recovery problem will vary from case to case.

A shipowner who has received a claim for maintenance and cure is entitled to investigate the claim.  However, if after investigating the claim, the shipowner unreasonably rejects the claim for maintenance and cure, he is liable for both the maintenance and cure payments he should have made, and any compensatory damages caused by his unreasonable failure to pay. Compensatory damages may include any aggravation of the plaintiff's condition because of the failure to provide maintenance and cure.

Thus you may award compensatory damages because the shipowner failed to provide maintenance and cure if you find by preponderance of the evidence that:

1.      The plaintiff was entitled to maintenance and cure;

2.      It was not provided;

3.      The defendant acted unreasonably in failing to provide maintenance and cure; and

4.      The failure to provide the maintenance and cure resulted in some injury to the plaintiff.[3]

If you also find that the shipowner's failure to pay maintenance and cure was not only unreasonable, but was willful, that is , with the deliberate intent to do so, you may also award the plaintiff attorney's fees.  However, you should not award attorneys fees unless the shipowner

---

Avoidance of double recovery will require careful screening of the evidence and a jury charge tailored in each case to fit the evidence presented.

For example, if the value of the food and/or lodging supplied to the seaman by the vessel owner is included  in the wage base from which loss of earnings is calculated, then those items must not again be awarded as maintenance.

Likewise, if a jury awards loss of earnings from date of injury to some date which is subsequent to the end of the voyage, then those same earnings can't again be awarded as part of maintenance recovery pursuant to the ship owner's obligation to provide wages till the end of the voyage.

See Colburn v. Bunge Towing, Inc., et al., 883 F.2d 372 (5th Cir. 1989).
[3]   Morales v. Garijak, Inc., 829 F.2d 1355 (5th Cir. 1987).

acted willfully in disregard of the seaman's claim for maintenance and cure.  The plaintiff may not recover attorneys fees for the protection of the Jones Act or unseaworthiness claims.  Thus, you may award only those attorney's fees plaintiff incurred in pursuing the maintenance and cure claim and only if you find that the shipowner acted willfully in failing to  pay maintenance and cure.[4]

The plaintiff may not recover attorney's fees for the prosecution of the Jones Act or unseaworthiness claims.  You may award attorney's fees only if you find that the shipowner acted arbitrarily or with callous disregard in failing to pay maintenance and cure.

---

[4]    Guevara v. Maritime Overseas Corp., 59 F. 3d 1496 (5th Cir. 1995), held punitive damages are not awardable even for willful failure to pay maintenance and cure.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

### U.S. FIFTH CIRCUIT PATTERN INSTRUCTION 4.12
### LOSS OF FUTURE EARNINGS (REPLACEMENT FOR CULVER II)[1]

If you find that the plaintiff is entitled to an award of damages for loss of future earnings, there are two particular factors you must consider.  First, you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes.  You must award the plaintiff only his net earnings after tax.  This is so because any award you may make here is not subject to income tax.  The federal or state government will not tax any amount which you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future.  Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

---

[1]   See Monessen Southwestern Railway Co. v. Morgan, 486 U.S. 330, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

### U.S. FIFTH CIRCUIT PATTERN INSTRUCTION 15.2
### COMPENSATORY DAMAGES

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole— that is, to compensate the plaintiff for the damage that the plaintiff has suffered.  Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury.  If the plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the defendant's conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less.  [Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.] You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable

inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

[Select appropriate charges from Section 15.3, et seq.][1]

---

[1]     It should be noted that Section 104(a) of the Internal Revenue Code was recently amended to provide that an award of both compensatory or punitive damages received on account of a purely non-physical injury would be fully subject to income tax. Although the amendment does not apply to claims for physical injury, however, the United States Supreme Court has held that all punitive damages are subject to income tax because they are not awarded "on account of personal injuries or sickness." Thus, it would seem as though any award of punitive damages would be subject to income tax, and that an award of compensatory damages for non-physical injuries would be subject to income tax. A cautionary instruction should be given in the case of all punitive damages, and in the case of awards for compensatory damages based on non-physical injuries. (See O'Gilvie, et al. v. United States, 519 U.S. 79, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996).)

<u>**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13**</u>

**U.S. FIFTH CIRCUIT PATTERN INSTRUCTION 15.3**
**CALCULATION OF PAST AND FUTURE DAMAGES**

A. Damages Accrued

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B. Calculation of Future Damages

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.  [In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census, or other recognized mortality table.]

C. Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date.  If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1.	You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2.	If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he made a relatively risk-free investment.  The reason why you must

make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it.  It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money.  Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

If you make any award for future medical expenses, you should adjust or discount the award to present value in the same manner as with loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

<u>**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14**</u>

**U.S. FIFTH CIRCUIT PATTERN INSTRUCTION 15.4
INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF CAPACITY
FOR ENJOYMENT OF LIFE**

You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, disability, disfigurement, mental anguish  and/or loss of capacity for enjoyment of life  that the plaintiff experienced in the past or will experience in the future as a result of the bodily injury.  No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced.  You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair in the light of the evidence.

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15</u>

## U.S. FIFTH CIRCUIT PATTERN INSTRUCTION 15.7
## LOST EARNINGS/TIME/EARNING CAPACITY

Any earnings lost, any working time lost, and any loss of ability to earn money sustained

in the past and any such loss in the future.